**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 96-2265**

─────────────

DAVID E. HARMON,

Plaintiff - Appellant,

versus

HEWLETT-PACKARD COMPANY,

Defendant - Appellee.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, District Judge. (CA-94-2390-DKC)

─────────────

Submitted: August 14, 1997       Decided: August 20, 1997

─────────────

Before NIEMEYER, Circuit Judge, and BUTZNER and PHILLIPS, Senior Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

David E. Harmon, Appellant Pro Se.  Thomas Joseph Flaherty, HUNTON & WILLIAMS, McLean, Virginia; Michael Patrick McQuillen, MANOR CARE, INCORPORATED, Gaithersburg, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David E. Harmon appeals the district court's order granting summary judgment to Defendant on Harmon's claim for disability benefits from his employer. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. Harmon v. Hewlett-Packard, Inc., No. CA-94-2390-DKC (D. Md. Aug. 5, 1996). Additionally, Harmon urges this court to consider evidence and issues not raised before the Claims Administrator or the district court. Because these claims were not raised below, we decline to hear them for the first time on appeal. See Quesinberry v. Life Ins. Co., 987 F.2d 1017, 1025 (4th Cir. 1993) (decision to admit evidence not before the plan administrator depends on the applicable standard of review and lies in the discretion of the district court). Therefore, we deny Harmon's pending motions to supplement the record. We grant Michael McQuillen's motion to withdraw as counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2